959 F.2d 1101
 295 U.S.App.D.C. 97
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Arthur Brennan MALLOY, Appellant,
v.
Truman HOBBS, Chief Judge, United States District Court for
the Middle District of Alabama, Myron H. Thompson, District
Judge, Charles S. Coody, Magistrate, Don Siegelman, Attorney
General and Andy Poole, Assistant Attorney General.
 No. 90-5237.
 United States Court of Appeals, District of Columbia Circuit.
 April 14, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the orders of the district court filed July 13, 1990 and August 1, 1990 be affirmed. Under no circumstances would we have authority to adjudicate a complaint arising from the denial of petitions for writs of habeas corpus in the Middle District of Alabama, and the complaint is in any event meritless. To the extent that Malloy seeks to recover damages, his claims are barred by the doctrines of absolute judicial and prosecutorial immunity. See, e.g., Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 734-35 (1980); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). To the extent that he seeks declaratory and injunctive relief, Malloy is not entitled to such relief because he had an adequate remedy in his requests that the Eleventh Circuit issue certificates of probable cause to appeal the denial of his habeas corpus petitions. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."). Although the Eleventh Circuit denied his requests, Malloy does not challenge that denial in his complaint, and any such challenge must be brought in the Supreme Court rather than in this court. Accordingly, we affirm the orders of the district court.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.